IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| GARY BUTERRA WILLIAMS, | ) |
| Petitioner, | ) ) ) ) |
| v. | ) Civil Action No. 3:11-cv-125–HEH |
| | ) |
| CIRCUIT COURT FOR CITY OF SUFFOLK, | ) ) ) |
| Respondent. | ) ) |

## MEMORANDUM OPINION
(Denying Rule 60(b) Motion)

Gary Buterra Williams ("Petitioner"), a Virginia prisoner proceeding *pro se*, attempted to remove his state criminal prosecution to this Court. Because Petitioner "failed to demonstrate that the requisite jurisdiction exists to allow him to remove his criminal cases to this Court," the Court remanded the matter to the Circuit Court for the City of Suffolk. *Williams v. Cir. Ct. for City of Suffolk*, Nos. 3:11-cv-125, 3:12-cv-78, 2012 WL 6099090, at *3 (E.D. Va. Dec. 7, 2012). Subsequently, the Court denied Petitioner's motions pursuant to Federal Rules of Civil Procedure 59(e) and 60(b) (ECF Nos. 59, 60, 71, 72.) on April 29, 2013 and September 11, 2013, respectively. Now, on August 7, 2023, over ten (10) years later, Petitioner has filed another motion pursuant to Rule 60(b) (the "Motion," ECF No. 92).

Rule 60(b) offers an extraordinary remedy, but requires a showing of exceptional circumstances. *Mayfield v. NASCAR*, 674 F.3d 369, 378 (4th Cir. 2012) (citing *Ackermann v. United States*, 340 U.S. 193, 202 (1950)). Any party seeking relief under

Federal Rule of Civil Procedure 60(b) must make a threshold showing of "timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances." *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993) (quoting *Werner v. Carbo*, 731 F.2d 204, 207 (4th Cir. 1984)). After the party satisfies this threshold showing, "he [or she] then must satisfy one of the six specific sections of Rule 60(b)." *Id.* (citing *Werner*, 731 F.2d at 207).

Petitioner fails to demonstrate that his motion filed more than ten (10) years after the judgment he seeks to challenge is timely. *See McLawhorn v. John W. Daniel & Co., Inc.*, 924 F.2d 535, 538 (4th Cir. 1991) ("We have held on several occasions that a Rule 60(b) motion is not timely brought when it is made three to four months after the original judgment and no valid reason is given for the delay." (citing *Cent. Operating Co. v. Util. Workers of Am.*, 491 F.2d 245 (4th Cir. 1974); *Consol. Masonry & Fireproofing, Inc. v. Wagman Constr. Corp.*, 383 F.2d 249 (4th Cir. 1967))). Furthermore, Petitioner fails to demonstrate any exceptional circumstances or that his underlying claims are meritorious. Accordingly, Petitioner's Rule 60(b) Motion (ECF No. 92) will be denied.

An appropriate Order shall accompany this Memorandum Opinion.

                                                        /s/
                                         Henry E. Hudson
                                         Senior United States District Judge

Date: Sept. 21, 2023
Richmond, Virginia